THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ÁNGEL CABRERA CEPEDA, Defendant and Appellant.

No. CR-64-379.     Decided March 18, 1965.

*Víctor Tirado Saltares* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed an information against appellant for a violation of the Narcotics Act, charging him that on October 2, 1963 he had in his possession the narcotic drug known as heroin.

After waiving the jury, the trial was held by the court, and he was found guilty of the offense charged and sentenced to serve from 5 to 10 years' imprisonment in the penitentiary.

In this appeal he alleges that the trial court erred "in admitting in evidence, over defendant's objection, the deck of heroin offered by the prosecuting attorney which was clearly inadmissible because it was the product of an illegal search of the person of defendant incidental to his illegal arrest by the special internal-revenue agent."

The prosecution evidence, the only one presented at the trial, consisted of the testimony of special internal-revenue agent Víctor J. Miller, the deck of heroin seized on defendant, and a stipulation of the prosecuting attorney and the defense on what chemist Ramón Chinea would testify.[1]

Agent Miller's testimony is correctly summed up by the Solicitor General as follows:

"This witness testified, in the pertinent part, that he is a special internal-revenue agent; that on October 2, 1963, around 1:30 p.m., he was patrolling La Perla, in San Juan; that on Concepción Silva Street No. 13, Interior, he observed the defendant receiving from someone, through a window of a house, a deck supposedly of heroin; that he was at a distance of about 18 feet from defendant; that what defendant received was a small white envelope about one inch long and one-half inch wide; that prior to that day he did not know defendant and had never seen him; that with the help of another agent they took the deck from defendant and arrested him; that he arrested the defendant because he had in his hands a deck supposedly of

---

[1] It was stipulated that chemist Ramón Chinea would testify that he received from the hands of special agent Víctor J. Miller the deck of heroin, exhibit of The People; that he examined it and that the examination disclosed that the deck contained morphine hydrochloride.

heroin; that at that moment he thought that the object which defendant had in his hands was heroin and that prompted him to arrest him. (Tr. Ev. 3–6.) Upon questioning by the defense, he said, briefly, that the defendant was standing in an alley of Concepción Silva Street; that he could see the hands of someone handing the small envelope to defendant; that he saw the defendant the first time when he was receiving the deck; that defendant walked with the deck in his hands, and he tried to take it away from him; that he did not have a warrant of arrest against defendant and did not know him prior thereto; and that there was no one else around there at that moment. (Tr. Ev. 7–9.) He also said that he has been a special internal-revenue agent for about five years and that he has experience on that; that he knows what a supposed deck is like when he sees it at a certain distance; that he knew that drugs were sold in that house, and that he knew its occupant, but had not intervened with him prior thereto; that subsequently he intervened in the house under the authority of a search warrant and seized 18 decks." (Tr. Ev. 9–10.)

Irrespective of the prosecuting attorney's argument in the sense that defendant's contention was untimely made in opposing the admission in evidence of the deck of heroin because the same had been obtained in an illegal arrest and search, the facts proved lead us to the conclusion that the evidence was correctly admitted.

Rule 11 of the Rules of Criminal Procedure, in force at the time of the occurrence of the facts, provides:

"Rule 11.   Arrest by Peace Officer

"A peace officer may arrest a defendant without the corresponding warrant:

"(a) When he has reasonable grounds to believe that the person about to be arrested has committed the offense in his presence. In this case the arrest shall be made immediately or within a reasonable time after the commission of the offense. Otherwise, the officer shall request that a warrant of arrest be issued.

"(b) When the defendant has committed a felony, although not in the officer's presence.

"(c) When he has reasonable cause for believing that the person about to be arrested has committed a felony, regardless of whether or not the said offense was in fact committed." (2 *Práctica Forense Puertorriqueña, Procedimiento Criminal* 20.)

■ According to subd. (a) of this Rule, in order that a public peace officer may carry out an arrest without the corresponding warrant, it is no longer necessary, as was required by subd. (1) of § 116 of the Code of Criminal Procedure, that the offense be committed or attempted in his presence. The Rule merely requires that the officer have reasonable grounds to believe that the person has committed an offense in his presence. The facts of the present case come within subd. (a) *supra* of the Rule, and although the arrest in this case could also be justified under subd. (c) providing that a public peace officer may carry out an arrest without a warrant whenever he has reasonable ground to believe that the person about to be arrested has committed a felony, irrespective of whether or not such offense has been actually committed, we prefer not to indulge in a construction of subd. (a) which, undoubtedly, and although limited to felonies, is broader than subd. (a), since under the former the reasonable grounds which a public peace officer may have to carry out an arrest do not depend on his observance of the facts which in his judgment constitute an offense, as in the case of subd. (a).

There are circumstances here which as a whole lead a reasonable person to believe that appellant was committing an offense in his presence. These circumstances are (a) from his five years' experience as an internal-revenue agent, agent Miller knows what a deck of heroin looks like and can identify it at a certain distance, although not with infallible precision; (b) Miller had knowledge that drugs were sold in the house where defendant received the small envelope containing the deck supposedly of heroin, and he was precisely investigating the owner of the house on the day of

the occurrences;[2] (c) the agent observed at a distance of about 18 feet when defendant received in his hand, through a window of the house, the small white envelope about one inch long by one-half inch wide supposedly of heroin; and (d) the defendant walked with the deck in his hands and the agent took it from him and arrested him.

■ It may be said that reasonable grounds to believe that the person arrested has committed a felony, for which he is arrested, consist in possessing that information and knowledge which lead an ordinary and prudent person to believe that the person arrested has committed the offense.[3]

In I Alexander, The Law of Arrest 432, § 76, the rule is explained as follows:

" 'He must see with his own eyes one or more of a series of acts constituting the crime, or be aided by his other senses, or by reliable information, so that the sum may amount to knowledge; or a judgment based on personal knowledge coupled with inferences properly drawn from his sense perceptions'; 'circumstances must exist which would cause a reasonable person to believe therefrom that they constitute a crime.' "  .

■ We therefore conclude that both the arrest and search of defendant were lawful.

The judgment appealed from will be affirmed.

---

[2] The evidence shows that about seven days later the house was searched and 18 decks of heroin seized.

[3] Fricke, California Criminal Procedure 17 (4th ed.).